UNITED STATES DISTRICT COURT     <u>FOR ONLINE PUBLICATION ONLY</u>
EASTERN DISTRICT OF NEW YORK

---

JOSEPH KONIG,

                 Plaintiff,            MEMORANDUM
                                                                     AND ORDER
                - versus -                     12-CV-467

YESHIVA IMREI CHAIM VIZNITZ OF BORO
PARK INC. and OHR HACHAIM HALL,

                  Defendants,

                - and -

RAWLINGS COMPANY, LLC and OXFORD
HEALTH PLANS, LLC,

                  Third-Party Claimants to
                  Settlement Proceeds.

---

A P P E A R A N C E S

       SUBIN ASSOCIATES LLP
            150 Broadway, 23rd Floor
            New York, New York 10038
       By:     Gregory T. Cerchione
            *Attorney for Plaintiff*

       ROBINSON & COLE LLP
            885 Third Avenue, Suite 2800
            New York, New York 10022
       By:     Joseph L. Clasen
            Brian James Wheelin
            *Attorneys for Rawlings Company, LLC and Oxford Health Plans, LLC*

JOHN GLEESON, United States District Judge:

         On January 31, 2012, Rawlings Company, LLC ("Rawlings") and Oxford Health Plans, LLC ("Oxford") filed a notice to remove this case from state court. Upon a motion by Joseph Konig, I now remand the action to state court because this Court lacks subject matter jurisdiction to hear it.

BACKGROUND

In October 2008, Konig brought an action for damages in the Supreme Court of the State of New York, Kings County, against Yeshiva Imrei Chaim Viznitz of Boro Park, Inc. ("Yeshiva") and Ohr Hachaim Hall ("Ohr"). The suit alleged that Konig was physically injured in a September 2008 incident ("the incident") on negligently maintained property that was owned and managed by Yeshiva and Ohr. The parties settled the negligence action on March 14, 2011.

While the action was pending, Rawlings – on behalf of Oxford – informed Konig that Oxford asserted a claim against any settlement that Konig obtained in the action. According to Rawlings, Oxford had paid approximately $24,000 for medical care necessitated by the incident, pursuant to its health insurance policy with Konig. Rawlings demanded that Konig use any sums collected through the negligence suit to reimburse Oxford for the cost of these medical benefits.

Rather than agree to Rawlings' demands, Konig sought and obtained in the state court an order to show cause why "an Order should not be granted restoring [the negligence action] to active status and upon restoration . . . extinguish[ing] . . . any purported lien/claim and/or subrogation right asserted by the RAWLINGS COMPANY LLC. on behalf of their [sic] client OXFORD HEALTH PLAN." Notice of Removal 6, Jan. 31, 2012, ECF No. 1. Rawlings and Oxford timely filed a notice of removal, asserting that this Court had federal-question jurisdiction under 28 U.S.C. § 1331. Konig thereafter moved to remand.

DISCUSSION

Unless an Act of Congress provides otherwise, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed

by the defendant or the defendants." 28 U.S.C. § 1441(a). Oxford and Rawlings assert that although they were not defendants in Konig's negligence action originally, they became defendants when the state court issued the order to show cause, which they cast as a state law claim seeking to extinguish Oxford's subrogation rights. They argue that, as defendants in this claim, they may remove the state court action because this Court has original federal-question jurisdiction over the action. *See* 28 U.S.C. § 1331. Oxford and Rawlings contend that because Oxford's health insurance policy with Konig was a Medicare policy – specifically, a Medicare Advantage Policy ("MAP"), which is Medicare insurance provided by a private insurance company that is offered as an alternative to Medicare insurance provided directly by the government – Konig's state law claim is completely preempted. According to them, because the Medicare laws provide subrogation rights to MAP providers, any claim that might extinguish those subrogation rights – even if styled under only state law – is transformed into a claim under federal law and therefore properly removable.

Even assuming the state court's order to show cause rendered Rawlings and Oxford "defendants" to a "claim" asserted in a "civil action" with respect to which the unanimity requirement of 28 U.S.C. § 1446(b) is either satisfied or inapplicable,[1] I find that removal was inappropriate here because no basis for federal jurisdiction exists to hear any claims in the state court action. Complete preemption is a basis for removal when "a federal statute wholly displaces the state-law cause of action." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). Under this doctrine, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in

---

[1] Although this may be a reasonable assumption with respect to Oxford, it is unclear how Rawlings – which has no interest at stake in the state lawsuit – could be properly considered a "defendant" in a "civil action" for purposes of removal. *See Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954).

terms of state law, is in reality based on federal law" and is therefore removable as a federal-question case. *Id.*

The thrust of the complete preemption doctrine is that in certain areas of law, Congress intended for a federal statute to "provide the *exclusive cause of action* for the claim asserted." *Id.* (emphasis added). Thus, for example, in the context of the Labor Management Relations Act, the Supreme Court has held that the Act's express cause of action for challenging the breach of a collective bargaining agreement has such "powerful" preemptive force that it "displace[s] entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983) (quoting Labor Management Relations Act § 301(a), 29 U.S.C. § 185(a)). Similarly, in the context of disability benefits plans covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), the Court has found that the cause of action expressly provided by ERISA to resolve disputes regarding the termination of benefits under covered plans has such "extraordinary pre-emptive power" that it constitutes the exclusive manner of redress for such disputes. *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987); *see also Beneficial Nat'l Bank*, 539 U.S. at 9 (holding that Congress intended for §§ 85 and 86 of the National Bank Act, which expressly create a cause of action for violations of federal usury laws, to "provide the exclusive cause of action for usury claims against national banks"). But where a federal statute confers no right of action to assert a particular claim, it goes without saying that Congress did not intend to create a federal right to relief that is so powerfully preemptive that it entirely displaces all state causes of action on that claim.

Here, Oxford and Rawlings ask me to find that the state court order to show cause constitutes a claim to extinguish Oxford's subrogation rights with respect to Konig's settlement

4

proceeds, and that such a claim – because it seeks a determination with respect to the subrogation rights of a MAP provider – is completely preempted by the federal Medicare laws. But no such claim may be brought under the Medicare laws. Even if the Medicare laws could be read to create a right to subrogation for MAP providers – an interpretation rejected by many courts, who have instead held that the Medicare statute simply authorizes MAP providers to contractually create subrogation rights, *see, e.g.*, *Nott v. Aetna U.S. Healthcare, Inc.*, 303 F. Supp. 2d 565, 567 (E.D. Pa. 2004); *Ferlazzo v. 18th Avenue Hardware, Inc.*, 929 N.Y.S.2d 690, 692 (N.Y. Sup. Ct. 2011) – no provision expressly extends such providers a private right of action to sue upon their subrogation rights. Although the Medicare statute clearly authorizes the government to bring an action to enforce its subrogation rights under its own Medicare insurance contracts, *see* 42 U.S.C. § 1395y(b)(2)(B)(iii), the statute does not expressly accord private MAP providers the same right.[2] Every court to address the issue has found that the laws also fail to create an implied cause of action. *See Care Choices HMO v. Engstrom*, 330 F.3d 786 (6th Cir. 2003); *Parra v. PacifiCare of Ariz.*, No. 10 Civ. 8, 2011 WL 1119736 (D. Ariz. Mar. 28, 2011); *Nott*, 303 F. Supp. 2d 565; *Ferlazzo*, 929 N.Y.S.2d 690. I agree and conclude that the Medicare laws offer no private right of action – express or implied – to MAP providers to enforce any claimed subrogation rights. Accordingly, the Medicare laws do not completely preempt any claims raised in the order to show cause.

---

[2] Oxford and Rawlings argue that 42 C.F.R. § 422.108(f), which provides that MAP providers "will exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises," places MAP providers in the same shoes as the government, thereby granting them the power to bring a private right of action. This reasoning is faulty. "Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not." *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001). Nothing in the Medicare statute itself creates a cause of action, and the parties cannot fashion one by invoking the regulations.

## CONCLUSION

For the reasons set forth herein, the motion to remand is granted. The Clerk is respectfully directed to remand the case to the Supreme Court of the State of New York, Kings County.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 30, 2012
       Brooklyn, New York